Good morning, Your Honors. May it please the Court, Patricia Schwetz, Appellant Pro I would like to reserve two minutes for rebuttal. Your Honors, this appeal does not ask the Court to extend any deadlines or alter existing law. It asks whether the District Court correctly applied Rule 56, Correct Legal Summary Standards at Summary Judgment, when it fixed accrual, excluded reasonably related retaliation, and rejected evidence of actual notice by resolving disputed issues as a matter of law. The record permits a reasonable inference that the employer's decision did not become final and operative until June of 2020, that the challenged actions arose from the same protected activity and course of employer conduct, and that BOCES had actual notice and conducted an investigation through counsel while the appellant remains employed. Resolving those disputed factual inferences against the non-movement took a question from the jury and requires reversal and remand in accordance with Rule 56. Your Honors, this is a standard of review de novo. If we review this case in that light of being most favorable to the non-movement, you will see that the District Court in their Summary Judgment fixed accrual, fragmented retaliation, rejected accrual notice, and resolved disputed issues as a matter of law. Record supports competing inferences. Employment continued after January, which is where the District Court anchored their accrual. The Board acted again in June, taking a final, operative, irrevocable action, and the outcome remains completely under the employer's control. Using the legal framework of Ricks and Green, I rely on the fact that Ricks indicates that final and irrevocable is required as far as the adverse employment action, and Green layers in that separation needs to become operative before accrual can be anchored to it. Focusing on King v. Aramark, a decision that this Court put forward, the same course of conduct, when there's the same course of conduct, an earlier act does not equal finality or the final operative act, and so we would rest on that. And then in addition, the Summary Judgment order from the District Court indicated that there was a lack of actual notice under Education Law 3813. However, in fact, NASA VOCES did receive actual notice. They were provided a written notice of complaint tied to Board policy anchored in state and federal law, where they deposed myself while still employed. Having an accurate account of what the claims were, policy-driven, law-applied, state and federal, they acted to investigate that, and therefore there's no prejudice when it comes to the Education Law Section 3813. After discovery, sorry, Your Honor. And Ms. Schwartz, I was just going to say, you've reserved two minutes of rebuttal. Thank you, Your Honor. And we'll hear from your adversary. Thank you. May it please the Court, Deanna Collins, Silverman & Associates, attorneys for Pelley, NASA County VOCES. Good morning, Your Honors. This case is a case that is non-complex, and it is straightforward. It's whether the district court erred in determining that Ms. Schwartz's federal law claims were time-barred, and whether or not the district court erred in determining that her state law claims were procedurally barred. Ms. Schwartz's argument presented today that the deadline for accrual of her federal law claims should be June runs contrary to well-established law from this circuit that identifies the date when the employee knows of the employment action as the date of that claim's accrual. But the termination was June 30, 2020, right? The ultimate acceptance of Ms. Schwartz's resignation letter was in June. That is correct. Would this be different if she had not resigned and June 30 had been the termination date? Because there was a firing? Ultimately, the fact that Ms. Schwartz filed her EEOC charge on March 15, 2021, I don't even think that would matter because the date would be approximately five months thereafter, still rendering the EEOC charge over the 300-day deadline. But it is conceivable that in a situation where an action was actually taken by the school board later, we might view it differently. But you say in any case, in this case, it isn't so because she resigned. The ultimate adverse action, we would argue, is the date that she was notified that she was fired. Ms. Schwartz's arguments that somehow the continuing violation doctrine applies to this case, as stated in her brief, we would argue doesn't apply to the extent that she argues that her state law claims should not have been procedurally barred due to notice, for example, by the letter of reprisal, which she calls her complaint. We also argue that that is incorrect. The letter of reprisal, contrary to Ms. Schwartz's argument, did not identify any federal law. Should it have to name specific statutes? No, Your Honor. It says retaliate against for opposing wrongful conduct. Your Honor, no. The notice of claim to an entity does not have to specifically identify the cause of action. It does, however, need to give that entity fair notice of what ultimately the claims are. In this case, the complaint of reprisal focused squarely on BOCES' alleged noncompliance with its own internal procedures. That, we posit, is not sufficient enough to give BOCES fair notice that they would be bringing a Title VII, excuse me, a New York State Human Rights Law anti-discrimination or anti-retaliation claim. So it doesn't have to be that specific, but it would have to at least presumably refer to discriminatory conduct or the like rather than just wrongful conduct? Yes, Your Honor. It has to give something more than simply you violated your own policy, specifically in this case it was a whistleblower policy, and therefore your remedy is not to fire me. It needs to give more to the court, excuse me, to the governing entity that this information, that these actions that happened were done to me in violation of at least some sort of law. Here there's not even a mention that a law was violated. It was just internal policies. There's also a mention, I should add, that BOCES violated a New York State Ed Law regarding notice to non-tenured employees, but that's not applicable in this case. Unless there are any other questions, we will rest on our briefs and request that this court affirm the judgment of the lower court. Thank you, Your Honors. Your Honors, the appellee would ask the court to consider that the complaint of reprisal was not an official notice of claim. However, if we look further at the record, there's evidence in there that the complaint of reprisal, as a mandated reporter, I was mandated to bring forward a concern of discrimination and retaliation. I brought that forward. I became the subject of investigation, and then when I submitted that complaint of reprisal through attorney and counsel, while BOCES was legally represented as well, they were afforded the opportunity to depose me on April 8th of 2020 while I was still in employment as a result of that claim and complaint of reprisal. The claim of reprisal indicated right in there that it was based on the policy around wrongdoing and also about retaliation and discrimination, and that it was anchored in state and federal law. So the fact that the appellee brings to this court a statement that they weren't adequately notified is troublesome. Not only were they notified in written notice by my counsel, they had the opportunity to depose me, they had the opportunity to investigate that, and then they had the opportunity to take court action. There is no prejudice here when it comes to the state complaint notice issue. If I turn my attention to the Title VII and the Title VIII, and the Title VII, the timeliness and accrual, accrual anchors to finality. And like I said before, those cases that I sent before, Ricks, Green and Brennan, and King v. Aramark, says that accrual anchors to finality. And the final board operative act was June 18th, 2020. If Your Honors don't have any other further questions, I'd be happy to rest. Thank you both, and we'll take the matter under advisement.